UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOOD DELIVERY HOLDING 12 S.A.R.L.,<br><br>    Plaintiff,<br><br>    v.<br><br>GITHUB, INC.,<br><br>    Defendant. | Case No. 20-mc-80210-AGT<br><br>**ORDER GRANTING APPLICATION PURSUANT TO 28 U.S.C. § 1782 AND DENYING WITHOUT PREJUDICE MOTION TO SEAL**<br><br>Re: ECF Nos. 1, 2 |

For the reasons set forth therein, Food Delivery Holding 12 S.A.R.L.'s ("FDH") application under 28 U.S.C. § 1782 for an order authorizing service of subpoenas for documents and deposition testimony on GitHub, Inc. for use in a foreign proceeding (ECF No. 1) is granted, without prejudice to any motion to quash that GitHub or any other appropriate party may file. FDH may serve the two proposed subpoenas attached as Exhibit 1 to the Declaration of Eric W. Bloom (ECF No. 1-2), subject to the following conditions:

1. At the time of service of the subpoenas, FDH must also serve a copy of this order and unredacted copies of its moving papers on GitHub.[1] The return date on the subpoenas must be at least 30 days from the date of service.

2. Within 7 days of service of the subpoenas and this order, GitHub shall provide copies of the subpoenas and this order to each of the GitHub account users whose identifying information is sought.

3. GitHub and/or each affected account user may, within 21 days from the date of receipt

---

[1] The docket indicates that FDH has already hand delivered unredacted copies of its moving papers on GitHub (*see* ECF No. 4, Certificate of Service); however, in the interest of completeness, FDH is directed to reserve those unredacted materials on GitHub at the same time it serves the subpoenas and this order.

of the subpoenas, file a motion in this Court contesting the subpoenas (including a motion to quash or modify). In the event any discovery dispute arises, the parties must meet and confer and attempt to resolve the dispute before seeking relief from the Court.

4. Any information FDH obtains pursuant to the subpoenas may be used only for purposes of the Dubai International Finance Centre-London Court of International Arbitration proceeding ("DIFC-LCIA Arbitration"); FDH may not release such information or use it for any other purpose, absent a Court order authorizing such release or use.

\* \* \*

FDH's administrative motion to seal materials submitted in support of its § 1782 Application (ECF No. 2) is denied. FDH seeks to seal its *entire* memorandum of law, both proposed subpoenas to GitHub, and seven other exhibits to the Bloom declaration covering almost 600 pages, because those materials are "subject to the confidentiality obligations imposed by the DIFC-LCIA Arbitration Rules." ECF No. 2 at 2–4. Pursuant to Civil Local Rule 79-5(b), "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law (hereinafter referred to as 'sealable')." Any such request for sealing "must be narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(b). FDH has failed to show that its memorandum of law, the proposed subpoenas to GitHub, and/or any of the exhibits to the Bloom declaration are protectable as trade secrets or otherwise entitled to protection under the law, nor is the sealing request narrowly tailored. Accordingly, the FDH's motion to seal is denied without prejudice to renewal in accordance with Civil Local Rule 79-5. FDH shall have until **Friday, January 29, 2021** to file a renewed sealing motion; if no motion is filed by that date, the Court will unseal the documents at ECF No. 2.

**IT IS SO ORDERED.**

Dated: January 25, 2021

ALEX G. TSE
United States Magistrate Judge